**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING – KENT DIVISION**

| | |
|---|---|
| **JESSICA KILMAN**, individually and on behalf of all similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF AUBURN,** a Washington municipal corporation; and **AUBURN VALLEY HUMANE SOCIETY,** a Washington nonprofit corporation,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff **JESSICA KILMAN,** through attorney of record **ADAM P. KARP** of **ANIMAL LAW OFFICES,** alleges:

### I. JURISDICTION AND VENUE

1. Plaintiff **JESSICA KILMAN** ("Kilman") resides in the City of Auburn. She brings this Class Action pursuant to CR 23 on behalf of all similarly situated persons.

2. Defendant **CITY OF AUBURN** ("City") is a municipal corporation, organized under the laws of the State of Washington, including for purposes of liability under 42 U.S.C. § 1983.

**CLASS ACTION COMPLAINT -** 1

3. Defendant **AUBURN VALLEY HUMANE SOCIETY** ("AVHS") is a nonprofit corporation with UBI 603-094-796 acting under color of state law for purposes of liability under 42 U.S.C. § 1983, with its principal place of business at 4910 A St. SE, Auburn, Wash.

4. As a result of Defendant's actions, Kilman and other Class members have suffered or will suffer irreparable economic and noneconomic damage, irreversible and adverse declarative and injunctive harm, including violation of their constitutional rights.

5. Plaintiffs' claims for attorney's fees and costs is authorized by, *inter alia*, 42 U.S.C. § 1988.

6. On or about 9.23.20, City was duly served with a tort claim on behalf of Kilman in full compliance with state and county claim-notice laws. More than sixty days have elapsed since Kilman filed the claim with the City.

7. This court has subject matter jurisdiction.

8. This court has personal jurisdiction over the Defendants.

9. Venue is proper.

## II. KILMAN ALLEGATIONS

10. In or about 2011, per Resolution 4747 of 9.19.11, the City "enter[ed] into an agreement with AVHS for animal sheltering services" and executed a Professional Services Agreement with AVHS to provide sheltering, licensing, surrender, and adoption services only, not enforcement services in the form of field impoundment, civil infraction issuance, criminal citation issuance, or seizures. On information and belief, no employee of AVHS was given a law enforcement commission by the City, nor was any employee appointed by AVHS to enforce Ch. 16.52 RCW or Ch. 9.08 RCW, nor was any employee judicially authorized to do so per RCW 16.52.025.

CLASS ACTION COMPLAINT - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

11. Rather, per Section IV(A)(1), "stray, impounded, and unwanted companion animals [are] turned over to the AVHS by the City or its residents[.]" Section IV(B) provides, "The AVHS shall establish all prices for services provided by AVHS in the Shelter, subject to the right of the City to periodically review the price schedules for all operations to ensure competitive pricing with other animal shelters."

12. Since 2013, if not earlier, the City, through its designee AVHS, has charged citizens escalating impound fees drastically out of proportion with reasonable, comparable rates throughout the region and, in any event, without lawful authority, per the attached *AVHS Service Fee Chart* (**KILMAN 1**).

13. AVHS also utilizes an *AVHS Return to Owner/Claim Form,* in the attached form (**KILMAN 2**). It refuses to release an impounded animal unless the owner agrees to pay AVHS "$500.00 as liquidated damages in the event that the terms of this agreement are breached," and which nonetheless "does not bar Auburn Valley Humane Society from seeking return of the animal by a judicial process or other legal means." The form also compels the owner to "agree to pay reasonable attorney fees and costs in the event this matter is forwarded to an attorney for enforcement."

14. No municipal code provision or ordinance ever permitted the City or AVHS to charge such sums as reflected for repeat impounds, rendering same *ultra vires.*

15. It is unknown if the City in fact ever reviewed the *AVHS Service Fee Chart* but, if it did, it condoned such unlawful rates and, if it did not, it shirked its duty to the citizens of Auburn and, in any event, improperly delegated legislative authority to a private nonprofit corporation whose decisionmakers are not elected by the public.

16. Kilman has resided in the City for years and owned and presently owns Max, a now

**CLASS ACTION COMPLAINT** - 3

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

eight-year-old, neutered male, Shih-Tzu. Her emotional support animal, Max also provided love and support to Kilman's minor children, with whom she resided and resides.

17. On 6.25.17, Max was impounded the first time and returned to Kilman the same day. Though the amount claimed due by AVHS was $51, this fee was voided.

18. On 3.3.19, nearly two years later, Max was impounded a second time and returned to Kilman the next day, 3.4.19. She was charged $77 by AVHS to obtain his release (representing board ($16), impound ($35), flea treatment ($10), and vaccine/deworm ($16) charges). Kilman paid the $77 and also caused to be paid $30 for a pet license. As a condition of release, she was forced to execute the foregoing *AVHS Return to Owner/Claim Form,* a true copy of which is attached as **KILMAN 4-5.**

19. On 5.2.19, Max was impounded a third time and returned to Kilman the next day, 5.3.19. She was charged by AVHS $140 to obtain his release (representing Frequent Flyer Altered 3rd Imp charge). Kilman paid $140 cash that day.

20. On 6.19.19, Max was impounded a fourth time and returned to Kilman three days later, on 6.22.19. Though she was purportedly charged $385 by AVHS for the impound (representing Frequent Flyer Altered 4th Imp ($280), deworm ($16), deflea ($10), rabies ($15), and board ($64 for four days) charges), the receipt reflects that she paid $120 at release ($30 cash and $90 by card) and was forced to sign a promissory note that she would pay $250 by 7.2.19. She was also compelled to execute the foregoing *AVHS Return to Owner/Claim Form,* a true copy of which is attached as **KILMAN 6-7.**

21. Kilman did not pay the $250 by 7.2.19, nor did she have a legal obligation to do so given its illegality.

22. On 7.3.19, AVHS Executive Director Phil Morgan wrote Lorrie Kilman, Kilman's

**CLASS ACTION COMPLAINT** - 4

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

mother, that he would never release Max to Kilman again "no matter the circumstances… no matter how sad the kids are… no matter how many letter you write…." A true copy of this email thread, including Morgan's email to Lorrie Kilman on 10.28.19 complaining about the $250 not being paid, is attached as **KILMAN 8-10.**

23. On 11.7.19, Max was impounded a fifth time and adopted out to a third party on 11.10.19 without any lawful basis when Kilman could not pay the $852 charged by AVHS (representing Frequent Flyer Altered 5th Imp ($560), board ($16), vaccine and deworm ($16), deflea ($10), and "balance correction" of $250).

24. By email of 11.9.19 to Sherri Leiva, Kilman's aunt, Morgan responded to Leiva's assertion that Kilman's kids were "going crazy crying over their dog" and contesting the fees charged by AVHS as being "astronomical," by stating that if Kilman did not claim Max and pay $852 to AVHS by 11.10.19, he would become "property of AVHS."

25. The amounts extorted from Kilman by Defendants were not authorized by law. When Kilman could not pay the demanded sum, Defendants illegally withheld Max, falsely claimed relinquishment, ineffectually asserted ownership, and then purported to "adopt" him to a third party without any right, title, or legal interest.

26. On or about 11.10.19, AVHS "adopted" Max to a third party without Kilman's consent or legal authorization.

27. AMC 6.01.120, enacted in 2012, states, in relevant part:

> The animal control authority may refuse to release to its owner any animal that has been impounded more than once in a 12-month period unless the owner demonstrates that they have taken steps to reasonably ensure that the violation will not occur again. The shelter or the animal control authority may impose reasonable conditions that must be satisfied by the owner before release of the animal, including conditions assuring that the animal will be confined. Failure to comply with the conditions of release is a violation.

**CLASS ACTION COMPLAINT** - 5

28. No right of appeal to an impartial arbiter is afforded the animal owner should the animal control authority "refuse to release," nor to prove that "steps to reasonably ensure that the violation will not occur again" have been demonstrated.

29. No right of appeal to an impartial arbiter is afforded the animal owner to avoid any sequelae from the refusal to release, such as euthanasia or adoption.

30. No right of appeal to an impartial arbiter is afforded the animal owner to contest any "conditions" imposed by the shelter or animal control authority.

31. For purposes of AMC 6.01.120, AVHS was not the "animal control authority."

32. The City's "animal control authority" never imposed upon Kilman conditions of release of Max from impound as contemplated by AMC 6.01.120.

33. Nor did AVHS impose conditions of release on Max.

34. Nor, on information and belief, did the "animal control authority" refuse to release Max to Kilman or direct AVHS to refuse to release Max to Kilman.

35. AVHS employee screenshotted posts by Kilman concerning her desperate attempts to recover Max and sent them to Morgan, warning, "Just in case you have a lawsuit happen."

36. Kilman exhaustively struggled to recover Max by contacting a large number of attorneys and posting rewards for information of Max's whereabout.

37. Upon hiring Adam P. Karp, who intervened for Kilman and demanded Max's return on threat of litigation by Kilman, on 8.8.20, AVHS coordinated the return of Max to Kilman but did not resolve her monetary claims for damages from being deprived of Max for nine months and incurring attorney's fees to recover him.

38. Kilman suffered severe emotional distress from the actions taken by Defendants, as well as loss of use of Max, who had an immense intrinsic value to Kilman and her children (but

CLASS ACTION COMPLAINT - 6

no fair market or replacement value), and other noneconomic damages.

39. As of 12.8.20, AVHS and the City have done nothing to change the challenged fee schedule, as the sums remain as stated in **KILMAN 1** per auburnvalleyhs.org/services-and-fees (accessed 12.8.20).

### III. CLASS ACTION ALLEGATION

40. Kilman brings this suit as a class action pursuant to CR 23(a), (b)(1), (b)(2) and (b)(3), on behalf of herself and a Plaintiff Class (the "Class") comprised of—(a) all persons whose animals have been impounded within the City at any time since 2013; (b) all persons who have been compelled to sign an *AVHS Return to Owner/Claim Form* at any time since 2013; (c) all persons who have been charged animal impound fees by AVHS or the City since 2013; (d) all persons whose animals have been withheld from them by AVHS or the City because of inability to pay impound fees or because of outright refusal to release regardless of ability to pay and tender, whether or not the animal was an emotional support or service animal, (e) all persons whose animals have been confiscated and adopted out or euthanized by AVHS or the City because of inability to pay impound fees or because of outright refusal to release regardless of ability to pay and tender, whether or not the animal was an emotional support or service animal. Kilman reserves the right to modify this class definition prior to moving for class certification.

41. This action has been brought and may be properly maintained as a class action pursuant to CR 23 for the following reasons:

    a. The Class is ascertainable, and there is a well-defined community of interest among the members of the Class;

    b. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is

**CLASS ACTION COMPLAINT** - 7

Animal Law Offices of
**Adam P. Karp, Esq.**
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

estimated to be large given the size of the City's population and the duration of the challenged action (back to 2013).

    c.    Kilman's claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

    d.    Defendant is a member of the Class.

    e.    The Party opposing the Class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole, pursuant to CR 23(b)(2).

    f.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any individual issues pursuant to CR 23(b)(3). The common issues include, but are not limited to, the following:

1. Does the City and AVHS's impound fee schedule (**KILMAN 1**) violate the state and federal constitutions in the respects articulated herein?

2. Does the City and AVHS's *Return to Owner/Claim Form* (**KILMAN 2**) violate the state and federal constitutions, contain provisions unauthorized by law and substantively and procedurally unconscionable, in the respects articulated herein?

3. Were Kilman and other Class members damaged?

    g.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

    h.    Kilman will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions of this injunctive and declaratory nature so as to represent them and the Class;

**CLASS ACTION COMPLAINT** - 8

i. Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of its unlawful misconduct;

j. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

k. This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

l. Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of declaratory and injunctive harm; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

m. This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

n. In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

o. The Claims in this case are also properly certifiable under applicable law.

### IV. CLAIMS FOR RELIEF AGAINST DEFENDANTS

42. All allegations above are incorporated by reference and reasserted as to claims below, establishing direct liability as to both Defendants.

**CLASS ACTION COMPLAINT** - 9

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

43. Further, the acts of AVHS are imputed to City based on vicarious liability principles of agency and/or concerted action.

44. **FIRST CLAIM** – **Retrospective and Prospective Injunctive Relief for Ongoing Violation of Federally-Protected Constitutional and Statutory Rights (42 U.S.C. § 1983, 42 U.S.C. § 12101 et seq., 42 U.S.C. § 3601 et seq., Ch. 7.40 RCW)**

   A. To void all impound fees under the challenged City/AVHS fee schedule;

   B. To void all AVHS *Return to Owner/Claim Forms*;

   C. To void all confiscations of animals based on inability to pay the challenged fees and compel their return to owner at no cost;

   D. To force Defendants to disgorge all fees received for impound under the challenged fee schedule, and any liquidated damages or fees demanded under the *Return to Owner/Claim Form*;

   E. To deem such fee schedule, demands for payment per that fee schedule, and return to owner/claim forms as unconstitutional under the State and Federal Constitutions, including but not limited to the Fourth, Fifth, and Fourteenth Amendments;

   F. To deem the liquidated damage and fee shifting provisions of the return to owner/claim form substantively and procedurally unconscionable and *ultra vires;*

   G. To enjoin enforcement of AMC 6.01.120 as violating procedural and substantive due process, constituting an unreasonable seizure, and constituting an illegal takings;

   H. This claim applies specifically to Max and Kilman, as well as the Class.

45. **SECOND CLAIM** – **Final Retrospective and Prospective Declaratory Judgment for Ongoing Violation of Federally-Protected Constitutional and Statutory Rights (42 U.S.C. § 1983, Ch. 7.24 RCW)**

CLASS ACTION COMPLAINT - 10

    A. To declare all impound fees under the challenged City/AVHS fee schedule void *ab initio,* unconstitutional, and *ultra vires*;

    B. To declare all AVHS Return to Owner/Claim Forms void *ab initio* and unconstitutional;

    C. To declare all AVHS Return to Owner/Claim Forms procedurally and substantively unconscionable and *ultra vires;*

    D. To declare all confiscations of animals based on inability to pay the challenged fees void *ab initio,* and to declare that all right, title, and interest in said animals remains in their owners;

    E. To force Defendants to disgorge all fees received for impound under the challenged fee schedule, and any liquidated damages or fees demanded under the Return to Owner/Claim Form;

    F. To declare AMC 6.01.120 unconstitutional as violating procedural and substantive due process, constituting an unreasonable seizure, and constituting an illegal takings.

    G. This claim applies specifically to Max and Kilman, as well as the Class.

46.    **THIRD CLAIM** – **Trespass to Chattels and Conversion of Max (and other animals per the foregoing challenged fee schedule and claim form)**

47.    **FOURTH CLAIM – Conversion of Monies from Kilman and Class (per the foregoing challenged fee schedule and claim form)**

48.    **FIFTH CLAIM – Outrage (for the intentional and/or reckless infliction of emotional distress upon Kilman by Defendants in withholding and then giving Max to a third party without any lawful authority)**

## PRAYER

**CLASS ACTION COMPLAINT** - 11

Animal Law Offices of
Adam P. Karp, Esq.
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

WHEREFORE, Kilman and Class pray for judgment against Defendants, joint and several, as follows:

A. Certification of the action as a class action pursuant to CR 23(b)(1), (2), and/or (3), and appointment of Kilman as Class Representative and his counsel of record as Class Counsel;

B. For economic damages;

C. For noneconomic damages;

D. For declaratory and injunctive relief as stated;

E. For costs of suit;

F. For reasonable attorney's fees and other litigation-related costs as allowed by law under 42 U.S.C. § 1988, or as otherwise provided by law or equity, or in the alternative, statutory attorney's fees; and

G. For such other and further relief as the Court may deem just and proper.

Dated this 12.9.20.

ANIMAL LAW OFFICES

/s/ Adam P. Karp
_____
Adam P. Karp, WSB 28622
*Attorney for Plaintiffs Kilman and Class Members*
114 W. Magnolia St., Ste. 400-104
Bellingham, WA  98225
(888) 430-0001
adam@animal-lawyer.com

**CLASS ACTION COMPLAINT** - 12